## APPEAL OF M. J. RUDOLPH COMPANY, INC.

Docket No. 2069.   Decided July 28, 1926.

The invested capital of the taxpayer can. not be determined and the tax should be computed under the provisions of section 328 of the Revenue Act of 1918.

*David Kamerman, C. P. A.*, for the petitioner.
*Robert A. Littleton, Esq.*, for the Commissioner.

Before MARQUETTE and MORRIS.

FINDINGS OF FACT.

The taxpayer is a New York corporation with its principal office and place of business at Brooklyn, N. Y., and is, and has been since its organization, engaged in selling coal for use in steam vessels. It was organized in January, 1909, with a capital stock of the par value of $50,000, all of which was issued to members of the Rudolph family in exchange for the assets of a partnership which had been engaged in the coal business for many years. The

assets so transferred had a net book value of $110,065.73 on January 1, 1909, the date of the transfer. The capital stock of the taxpayer remained at $50,000 during the period 1909 to 1920, inclusive, and all of it was during that period owned by members of the Rudolph family.

The Commissioner was unable to determine the net income of the taxpayer for the years 1918, 1919 and 1920, by reason of the incomplete accounting records that were maintained by it, and computed the net income by use of comparatives of other companies engaged in a similar or like business. The computation resulted in the determination of the taxpayer's net income as follows:

| | |
|---|---|
| 1918 | $32,290.77 |
| 1919 | 28,341.25 |
| 1920 | 33,727.82 |

The taxpayer, for the purpose of this appeal, accepted the determination of the Commissioner as correctly stating its net income for the years in question.

The Commissioner determined the taxpayer's invested capital to have been as follows:

| | |
|---|---|
| 1918 | $112,428.19 |
| 1919 | 86,145.74 |
| 1920 | 81,888.38 |

In computing the taxpayer's invested capital, the Commissioner did not include therein the cost of steamboats, real estate and other property actually owned by the taxpayer during the years 1918, 1919 and 1920, but which did not appear on the incomplete accounting records maintained by the taxpayer. The taxpayer attempted to prove the reproduction cost of this property by an appraisal made in the year 1925, and to establish thereby its invested capital for 1918, 1919 and 1920 in the respective amounts of $209,579.58, $217,108.76 and $200,814.98.

Neither the net income nor the invested capital of the taxpayer for the years 1918 to 1920, inclusive, can be satisfactorily determined from its books of account or from any competent evidence now capable of being presented.

The Commissioner upon audit of the taxpayer's income and profits-tax returns for the years 1918, 1919 and 1920, determined that there are deficiencies in tax in the amounts of $15,764.56 for the year 1918, $7,280.65 for the year 1919 and $10,052.22 for the year 1920.

OPINION.

Marquette: The evidence in this appeal discloses that the accounting records maintained by the taxpayer are so inadequate and incomplete that they do not reflect either its net income or invested capital

for the years involved. The Commissioner has determined the taxpayer's net income to be that percentage of its gross sales that the net income of corporations engaged in a like or similar business is to their gross sales, and the taxpayer has accepted that determination. However, it does not accept the Commissioner's determination of its invested capital, but contends that the determination is incorrect.

It is clear to us that the Commissioner, in computing the taxpayer's invested capital, did not include therein the cost of certain steamboats, barges, real estate and other property which the taxpayer actually owned during the years 1918, 1919 and 1920, but which did not appear on its books of account, and that, if the cost of this property could be ascertained and included in invested capital, the effect would be materially to reduce the tax liability for those years. The taxpayer made an earnest effort to establish the cost of this property by means of an appraisal made in the year 1925. The figures used therein were described as " reproductive cost ", but they in fact represented opinions as to the value of the assets. Value is not the criterion of invested capital. *LaBelle Iron Works* v. *United States*, 256 U. S. 377. Obviously, neither the invested capital determined by the Commissioner nor the invested capital claimed by the taxpayer is correct, and it is impossible at this time to produce any reliable or satisfactory evidence from which the true invested capital can be established.

Upon the entire record before us, we are convinced that we are confronted with exactly the kind of situation that Congress must have contemplated in enacting section 327 (a) of the Revenue Act of 1918, and that the tax liability of this taxpayer for the years 1918, 1919 and 1920 should be recomputed under section 328 of the Revenue Act of 1918, in comparison with such corporations as the Commissioner may find proper. See *Appeal of H. T. Cushman Mfg. Co.*, 2 B. T. A. 39.

*Order of redetermination will be entered on 10 days' notice, under Rule 50.*